UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS J. CALHOUN,
a/k/a JOHN A. ORR,

    Plaintiff,

v.                                                     Case No. 6:04-cv-106-Orl-31DAB

VOLUSIA COUNTY, et al.,

    Defendants.

## ORDER

1.    The parties are directed to conduct discovery so that the due date of any discovery requested shall be not later than March 1, 2007. Any motions relating to discovery shall be filed no later than **TEN (10) DAYS** thereafter.

2.    All motions to dismiss and/or for summary judgment shall be filed by **March 12, 2007.**

3.    If a party files a motion for summary judgment, the opposing party shall have **ELEVEN (11) DAYS** from the date of service of the motion for summary judgment to file a response. Thereafter, the motion will be taken under advisement by the Court and an order entered thereon without further notice.

In preparing a response, the opposing party should be aware of the provisions of Federal Rule of Civil Procedure 56. When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Federal Rule of Civil Procedure 56, the party opposing the motion must

respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute which should be litigated at the trial. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed along with the affidavits. In that event there will be no trial or further evidentiary hearing and the case will be ended in this Court.

4.  **On or before April 6, 2007**, Plaintiff shall file a statement entitled **"Pretrial Narrative Statement."** The Pretrial Narrative Statement shall contain:

   (a)  A brief general statement of the case;

   (b)  A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

   (c)  A list of all exhibits to be offered into evidence at the trial of the case;

   (d)  A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

   (e)  A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

   (f)  A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

   (g)  A stipulation of facts/issues to be tried; and

      (h)    An estimated length of trial.

Plaintiff shall serve a copy of this in accordance with paragraph 8.

    5.    **On or before April 20, 2007**, Defendants shall file and serve upon Plaintiff a **"Pretrial Narrative Statement**," entitled as such. The Pretrial Narrative Statement shall comply with paragraph 4(a) through (h).

    6.    Failure of the parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial. The only exceptions will be (a) matters which the Court determines were not discoverable at the time of the pretrial conference, (b) privileged matters, and (c) matters to be used solely for impeachment purposes.

    7.    If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph 4 of this order, paragraph 5 of this order shall be inoperative and Defendants hall notify the Court of Plaintiff's failure to comply.

    8.    Plaintiff shall serve upon defense counsel a copy of every pleading, motion, memorandum or other paper submitted for consideration by the Court and shall include on the original document filed with the Clerk of the Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

    9.    On the consent of all parties, a United States Magistrate Judge may either (a) conduct all proceedings, including the entry of a final order determining the case and a jury or non-jury trial, if warranted, or (b) conduct any and all proceedings and enter a final order as to specified motions

only. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Local Rule 6.05. Appeal is directly to the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia, in the same manner as an appeal from any other judgment of the district court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Consent to proceed before a United States Magistrate Judge may reduce litigation time and costs, and secure the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1. The parties are free to withhold consent without adverse substantive consequences, in which case a United States District Judge will enter final adjudication.

A party who wishes to consent to proceed before a United States Magistrate Judge for all proceedings including a final order and a trial, if warranted, shall sign and date Form AO85 and return the form to the Clerk. A party who wishes to consent to proceed before a United States Magistrate Judge for all proceedings and entry of a final order as to only specified motions shall sign and date Form AO85A and return the form to the Clerk. *The Clerk of the Court is directed to send to all counsel of record and all unrepresented parties a letter to counsel regarding proceedings before a United States Magistrate Judge, Form AO85, and Form AO85A.*

10. Plaintiff's Motion to Strike as Barred Defendant's Halifax Hospital Medical Center and Joseph P. Smythe M.D. Answer and Defenses to Plaintiff's Third Amended Complaint (Doc. No. 90) is **DENIED**.

11. Plaintiff was ordered (Doc. No. 87) to show cause why this case should not be dismissed without prejudice as to Defendants John and Jane Doe (with the exception of Defendant John Doe who is the current jail director for Volusia County Division of Corrections) for failure to diligently prosecute pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff responded (Doc. No. 89) claiming that the Clerk's Office only provided him with sufficient service forms to serve the

named defendants; therefore, he assumed he would be provided the opportunity to serve these Defendants when discovery uncovered their identities. *Id*. at 1. However, Plaintiff has failed to set forth any effort that he has taken, through discovery or otherwise, to ascertain the identities of these Defendants.

The Court notes that generally, "fictitious-party pleading is not permitted in federal court." *Edwards v. Ala. Dept. of Corr.*, 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000). However, some courts have recognized that a plaintiff may substitute an unnamed defendant until the plaintiff is able to discover the defendant's name. *Lewis v. City of Montgomery*, 2006 WL 1761673, at *2 (M.D. Ala. June 27, 2006). However, the plaintiff must describe the defendant with sufficient clarity to uncover the defendant's identity and permit service of process. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (finding plaintiff's description of "Chief Deputy of the Jefferson County Jail John Doe" sufficient because the proposed defendant existed and plaintiff adequately described the person to be sued so that the person could be identified for service).

In the instant case, Plaintiff has failed to describe the John and Jane Doe Defendants with sufficient clarity. This case has been pending for nearly three years, and Plaintiff has had more than ample time and opportunity to ascertain the identities of the these Defendants. Since Plaintiff has failed to do so, this Court finds that dismissal of the John and Jane Doe Defendants is appropriate. Therefore, all John and Jane Doe Defendants (with the exception of Defendant John Doe who is the current jail director for Volusia County Division of Corrections) are **DISMISSED**.

**DONE AND ORDERED** at Orlando, Florida, this 22nd day of January, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 1/22
Thomas J. Calhoun, a/k/a John A. Orr
Counsel of Record