UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS J. CALHOUN,
a/k/a John A. Orr,

    Plaintiff,

v.                                        CASE NO. 6:04-cv-106-Orl-31DAB

VOLUSIA COUNTY, et al.,

    Defendants.

_____

## ORDER

This case is before the Court on the following motions:

1.     Plaintiff filed a Motion to Compel Discovery from Defendants Volusia County, Hickey, and Bispo (Doc. No. 95, filed February 23, 2007).  On January 12, 2007, Plaintiff served a Request to Produce Documents on these three defendants. (Doc. No. 95, Exh. A.)  On January 26, 2007, the three defendants served a Response to Request to Produce indicating that some of the requested documents were attached and raising objections to other requests.  (Doc. No. 95, Exh. B.)  Plaintiff now seeks to compel production of all the documents not provided by these three defendants. Defendants have filed a response (Doc. No. 100) to the motion to compel.  Plaintiff's Motion to Compel Discovery from Defendants Volusia County, Hickey, and Bispo (Doc. No. 95) is **GRANTED** in part and **DENIED** in part, as follows:

a. Plaintiff contends that he did not receive the documents regarding requests 1 and 2 that Defendants indicate were attached to their response. Defendants have indicated that they will resubmit the documents to Plaintiff by certified mail.

b. Defendants' objection to request 3 is sustained in part. Defendants shall provide all policies, procedures, rule books, rules, memoranda, and regulations for the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39) that relate to the provision of emergency medical care to inmates and/or pretrial detainees at the Volusia County Detention Center (the "VCDC").

c. Defendants' objections to requests 4 and 7 are sustained.

d. Defendants' objection to request 5 is sustained in part. Defendants shall provide the personnel files for the three years prior to and one year after the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39) for Defendant Bispo and any department of corrections employee who generated a written report regarding the incident. The personnel files shall be redacted to exclude sensitive information such as home addresses, personal telephone numbers, dates of birth, and social security numbers.

e. Defendants' objection to request 6 is sustained in part. Defendants shall provide all grievances in their possession, custody, or control filed with the VCDC that relate to the provision of emergency medical care to inmates

and/or pretrial detainees at the VCDC during the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39).

f.  The motion to compel the documents set forth in request 8 is denied. Defendants indicate that they have no such documents in their possession, custody, or control. In addition, any such documents would be public records available to Plaintiff.

g.  Defendants' objection to request 9 is sustained in part. Defendants shall provide any and all accreditation certifications, inspection and deficiency sheets and summaries, together with Volusia County's and/or Halifax Medical Center's plans for corrections, regarding the provision of emergency medical care for inmates and/or pretrial detainees at the VCDC for the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39).

h.  Defendants' objection to request 11 is sustained in part. Defendants shall provide any and all training manuals and documents concerning the training and education of Volusia County corrections officers and medical staff regarding reporting, acknowledging, or investigating the medical status of an inmate and/or pretrial detainee at the VCDC during the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39).

      i.      Defendants' objection to request 16 is sustained in part.  Defendants shall provide any and all documents and logs which show that Defendant Hickey or Assistant Director Neel or any other policy-maker of the VCDC visited or inspected the VCDC infirmary, its operations or its procedures, during the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39).

The documents required to be provided to Plaintiff shall be served on him no later than March 14, 2007.

    2.      Plaintiff filed a Motion to Compel Production of Documents from Defendants Halifax Medical Center and Smythe (Doc. No. 96, filed February 26, 2007).  On January 10, 2007, Plaintiff served a Request to Produce Documents on these two defendants. (Doc. No. 96, Exh. A.)  On February 8, 2007, the two defendants served a Response to Request to Produce indicating that some of the requested documents were attached and raising objections to other requests.  (Doc. No. 96, Exh. B.)  Plaintiff now seeks to compel production of all the documents not provided by these two defendants.  Defendants have filed a response to the motion to compel (Doc. No. 99).  Plaintiff's Motion to Compel Discovery from Defendants Halifax Medical Center and Smythe (Doc. No. 96, filed February 26, 2007) is **GRANTED** in part and **DENIED** in part, as follows:

      a.      Defendants' objections to requests 3, 7, and 10 are sustained.  The Court also notes that compliance with request 10 requires creation of a document, rather than production of an existing document

    b.    Defendants' objection to request 4 is sustained in part.  Defendants shall provide any and all department of human service licensing inspection reports, deficiency sheets and summaries, and plans for corrections regarding the staffing levels for medical care of VCDC inmates and/or pretrial detainees for the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39).

    c.    The motion to compel the documents set forth in request 5 is denied. Defendants indicate that they have no such documents in their possession, custody, or control.  In addition, any such documents would be public records available to Plaintiff.

    d.    Plaintiff contends that he did not receive the documents regarding request 6 that Defendants indicate were attached to their response. Defendants shall have five (5) days from the date of this Order to either provide proof that the documents were provided to Plaintiff or to provide the documents to Plaintiff.  In all other respects, Defendants' objections to request 6 are sustained.

    e.    The motion to compel the documents set forth in request 8 is denied. Defendants indicate that they have no such documents in their possession, custody, or control.

  f. The motion to compel the documents set forth in requests 9 and 11 is denied.  Defendants indicate that they have no such documents in their possession, custody, or control.

  g. Defendants' objection to request 16 is sustained.  Defendants have agreed to submit a supplemental response identifying the names of all staff members who were on duty during the relevant time period.

  h. Defendants' objection to request 17 is sustained in part.  Defendants shall provide any and all documents relating to medical staff training and education regarding the provision of emergency medical care for inmates and/or pretrial detainees at the VCDC for the three years prior to the incident alleged in Plaintiff's Third Amended Complaint (Doc. No. 39).

The documents required to be provided to Plaintiff shall be served on him no later than March 14, 2007.

  **DONE AND ORDERED** at Orlando, Florida this 7th day of March, 2007.

             *David A. Baker*
             DAVID A. BAKER
             UNITED STATES MAGISTRATE JUDGE

Copies to:
sa 3/7
Thomas J. Calhoun, a/k/a John A. Orr
Counsel of Record