# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS J. CALHOUN,**
**a/k/a JOHN ARTHUR ORR,**
    **Plaintiff**

**-vs-**                          **Case No. 6:04-cv-106-Orl-31DAB**

**VOLUSIA COUNTY, et al,**
    **Defendants**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION TO COMPEL (HALIFAX, SMYTHE)/MOTION FOR SANCTIONS (Doc. No. 110)**
>
> **FILED:** **March 26, 2007**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff asserts that he has not received everything he has asked for in discovery. In response, Defendants have represented that they have produced all responsive documents in their custody or control (Doc. No. 128), to wit:

Plaintiff requested Licensing Inspection Reports, deficiency sheets and summaries and plans for Corrections regarding staffing levels for medical care. In response, Defendants assert that they were "unable to locate any documents that would be responsive to the plaintiff's request" so, in "an abundance of caution" they provided (only) a blank annual facility report. The Court agrees with Plaintiff that this report is of limited utility, but can only compel Defendants to produce what is in their possession, custody or control. Defendants represent that they do not have any such documents

because the Hospital is no longer associated with the Department of Corrections. While Plaintiff is skeptical of Defendants' claim, the Court has no grounds on this record to doubt counsel's representation. The Court cannot compel production of documents from a party without access to same.

Plaintiff also requested copies of procedures with regards to provision of medical care to inmates. Defendants provided "policy directives." As represented by Defendants in their response, the Hospital did not maintain any separate procedures dealing with the provision of care to these inmates, so the policy directives are the only documents relevant to the request. As such, the Court cannot compel production of documents that do not exist.

To the extent Plaintiff also asserts that he has not received certain records Defendants' have represented were sent, the response indicates that counsel will resend them, via certified mail.

As it appears that all relevant documents within Defendants' custody or control have been produced, the motion must be **denied.**

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DISCOVERY (VOLUSIA, HICKEY, DOE AND BISPO) (Doc. No. 112)** |
| **FILED:** | **March 26, 2007** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff believes that Defendants have withheld documents but Defendants have represented that they have produced all responsive documents in their custody or control (Doc. No. 127), noting that certain documents were destroyed pursuant to state archive laws. Specifically, Plaintiff requested production of all security logs, policies, procedures, and rules and regulations, as well as protocols relating to the provision of emergency medical care. Plaintiff complains of incomplete (or

inadequate) production of these items, and all other documents relating to allegations in the Complaint. Defendants response indicates that they produced the existing relevant documents, to wit:

1. Security logs that exist were produced, save for certain documents that were destroyed pursuant to Florida State archives laws;

2. Policies and procedures relating to the provision of medical care to inmates were produced, and the missing documents referred to by Plaintiff (such as the policy numbers 700.03 through 700.11) "do not relate to that which this Court ordered to be produced";

3. Reports generated by the Corrections Department do not exist other than what was already provided;

4. Training manuals were produced in the form of lesson plans, as that is the format used by the Defendant; and

5. Although Plaintiff speculates that there is a memorandum created by Defendant Hickey that has not been produced, no such document exists.

Taking counsel at her word that "as of this date, all documents requested by Plaintiff in his Requests to Produce and subsequent Motions to Compel and objections by Defendant not sustained . . ., have been delivered to Plaintiff," the motion is **denied.** The Court cannot compel Defendants to produce more than what is shown to exist.

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL (ALL DEFENDANTS) (Doc. No. 119)** |
| **FILED:** | **April 9, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Plaintiff asks for the last name of certain nurses who worked at the infirmary. These Defendants have agreed to supply same, thus mooting the motion. *See* Responses at Doc. No. 127 and 130.

> **MOTION:** **MOTION TO COMPEL (VOLUSIA, HICKEY, DOE and BISPO) (Doc. No. 122)**
>
> **FILED:** **April 20, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

The Court agrees that Plaintiff is entitled to paper copies, which Defendant has agreed to supply. *See* Doc. No. 127.

> **MOTION:** **MOTION FOR LEAVE TO FILE THIRD SUPPLEMENT RESPONSE (Doc. No. 133)**
>
> **FILED:** **May 25, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**, providing no further supplementation is allowed.

Plaintiff has had more than ample opportunity to respond and supplement his response. The time for discovery and argument is now over. The Court will not entertain additional motions directed to discovery matters or to further supplement the papers with respect to the motion for summary judgment.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties