# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS J. CALHOUN**
**a/k/a John Arthur Orr**

        **Plaintiff,**

**-vs-**                                                      **Case No.  6:04-cv-106-Orl-31DAB**

**VOLUSIA COUNTY, et.al,**
        **Defendants**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 155)**
>
> **FILED:**      **October 22, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL (Doc. No. 156)**
>
> **FILED:**      **October 22, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a) (1996). However, "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.*

Here, Plaintiff's appeal is frivolous as he seeks review of a non appealable order.[1] The Order did not dispose of all parties and all claims and is not subject to appeal until all parties and all claims are finally resolved. It is **respectfully recommended** that the District Court certify that the appeal is not taken in good faith, and deny the motion to proceed *in forma pauperis* on appeal. As the appeal is frivolous, the motion to appoint counsel on appeal is likewise without merit and should be **denied, as moot.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 31, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although termed a "final judgment," the District Court has not certified the order as final under Rule 54(b), Federal Rules of Civil Procedure (requiring an express determination that there is no just reason for delay).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy